UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

ROBERT A. DOANE,

        Plaintiff,

v.

ADVANCED MARKETING &
PROCESSING, INC.,

        Defendant.

C.A. No.

### DEFENDANT ADVANCED MARKETING AND PROCESSING, INC.'S NOTICE OF REMOVAL

Defendant ADVANCED MARKETING AND PROCESSING, INC. ("AM&P"), pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446, with full reservation of all defenses, hereby removes this action from the Trial Court of the Commonwealth, Superior Court Department, Middlesex County, Massachusetts to United States District Court for the District of Massachusetts, Eastern Division.  In support of this Notice of Removal, AM&P states as follows:

**I.    Background**

1. On or about May 2, 2022, Plaintiff commenced this action by filing a Complaint in the Trial Court of the Commonwealth, Superior Court Department, Middlesex County.  A true and correct copy of the Complaint is attached hereto as Exhibit A (the "Complaint").

2. On May 19, 2022, copies of the Summons and the Complaint were served on AM&P.

3. AM&P now timely removes this action to this Court.

II.	**Basis for Jurisdiction**

4.	This Court has jurisdiction over this removed action pursuant to 28 U.S.C. §§ 1332 and 1441(a) and (b).  This action makes claims for monetary and equitable relief that could have been filed originally with this Court pursuant to 28 U.S.C. § 1332(a) because, based upon the pleaded claims, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States.  *See* 28 U.S.C. § 1332(a) and (a)(1).

5.	The diversity requirement is met because Plaintiff and AM&P are completely diverse.

A.	*Citizenship of Plaintiff*

6.	Plaintiff is an individual with an alleged residence in Wakefield, Massachusetts.  Compl. at ¶ 7.  Plaintiff is therefore a citizen of Massachusetts.

B.	*Citizenship of AM&P*

7.	For purposes of diversity jurisdiction, a corporation "is considered to be a citizen of its state of incorporation as well as the state where it has its principal place of business." *Media Duplication Servs., Ltd. v. HDG Software, Inc.*, 928 F.2d 1228, 1236 (1st Cir. 1991) (citing 28 U.S.C. § 1332(c)(1)).

8.	AM&P is a corporation organized under the laws of the State of Florida, with its principal place of business located in Saint Petersburg, Florida.  AM&P is therefore a citizen of Florida.

C.	*Value of the Matter in Controversy*

9.	The nature of the claims in the Complaint establishes that the value of the matter in controversy here exceeds $75,000.00 exclusive of interests and costs.  *See* 28 U.S.C. § 1332(a).

10.	If removal is disputed, the defendant must present evidence to establish the asserted amount in controversy by a "reasonable probability," which is "for all practical purposes identical

to the preponderance standard." *Amoche v. Guar. Tr. Life Ins. Co.*, 556 F.3d 41, 43, 50 (1st Cir. 2009). *See also Consigli Constr. Co. v. Travelers Indem. Co*., 256 F. Supp. 3d 62, 66 n.2 (D. Mass. 2017) (collecting cases).

11. "[T]he standard for measuring the amount in controversy is not one of guaranteed recovery; it is instead measured by the damages that the plaintiff might recover, assuming that the allegations in the complaint are true." *Archila v. Integon Nat'l Ins. Co.*, No. CV 17-367 WES, 2017 WL 5633103, *3 n.4 (D.R.I. Nov. 21, 2017) (internal quotation omitted).

12. While the jurisdictional amount in controversy calculation excludes "interest and costs," (28 U.S.C. § 1332(a)(1)), "a court must consider damage multipliers and attorneys' fees that are statutorily authorized." *Vilaythong v. Sterling Software, Inc*., 353 F. Supp. 3d 87, 92 (D. Mass. 2018). *See also*, *e.g.*, *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala*., 320 U.S. 238, 240 (1943) ("Where both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount."); *Spielman v. Genzyme Corp*., 251 F.3d 1, 7 (1st Cir. 2001) ("Normally, attorney's fees are excluded from the amount-in-controversy determination. . . . There are two exceptions to this rule: when the fees are provided for by contract, and when a statute mandates or allows payment of the fees.").

13. Plaintiff's first cause of action is for alleged violations of the Massachusetts Telemarketing Solicitations Act, Mass. G.L. c. 159C (the "MTSA"). *See* Compl. at ¶¶ 51-60. The MTSA permits the recovery of "actual monetary loss" or "not more than $5,000 in damages for such knowing violation," reasonable attorneys' fees, and injunctive relief. *See* Mass. G.L. c. 159C, §§ 8(b) & (c).

14. Plaintiff's second cause of action is under the common law tort of invasion of privacy by intrusion upon seclusion. *See* Compl. at ¶¶ 61-68. Plaintiff alleges in connection with

this claim that he suffered harm and damages and that "the acts complained of were committed with malice, intent, wantonness and recklessness, and as such, Defendant is subject to punitive damages." *Id.* at ¶¶ 67-68.

15. Plaintiff's third cause of action is for alleged violations of the Massachusetts Consumer Protection Act, Mass. G.L. c. 93A. *See* Compl. at ¶¶ 69-80. Chapter 93A permits recovery of attorneys' fees and damages for each violation "in the amount of actual damages or twenty-five dollars, whichever is greater; or up to three but not less than two times such amount if the court finds that the use or employment of the act or practice was a willful or knowing violation," which Plaintiff alleges in the Complaint. Mass. G.L. c. 93A, § 9. *See also* Compl. at ¶¶ 74, 76, and page 17 (requesting the Court "[f]ind that Defendant and their agent Telemarketers' actions complained of were willful, knowing, intentional, unfair, and deceptive, in violation of M.G.L. c. 93A and award Plaintiff treble damages").

16. For the following reasons, and while AM&P does not believe any of Plaintiff's causes of action have a basis in law or fact, Plaintiff has put in controversy a potential award of more than $75,000 for his three causes of action should he prevail.

**1.  Compensatory Damages**

17. Plaintiff alleges that "[i]n the days leading up to May 2, 2019, Defendant, by and through the Telemarketers, caused at least ten (10) Spoofed calls (the 'Spoofed Calls') to be placed to Plaintiff's cellphone . . . ." Compl. at ¶ 22. Plaintiff further alleges receipt of an additional – *eleventh* – telephone call "[o]n May 2, 2019, at 2:36 PM," which he alleges, based on the similarities he claims between that call and the "Spoofed Calls," established AM&P as the party responsible for the ten prior Spoofed Calls. *See*, *e.g.*, Compl. at ¶¶ 28-29, 36, 38. Plaintiff also alleges receipt of "three (3) additional unsolicited calls . . . directly from Protect My Car [AM&P]"

later on May 2, 2019. *See id.* at ¶ 45. Plaintiff therefore alleges ten Spoofed Calls and four additional calls in violation of, at the least, the MTSA, for a total of **fourteen** alleged violations.

18.  As mentioned above, the MTSA permits the recovery of actual monetary loss or up to $5,000 in statutory damages for each violation. *See* Mass. G.L. c. 159C, § 8(b). Plaintiff demands an award of "statutory damages of not less than $5,000 for each violation." Compl. at page 17. Thus, the ten Spoofed Calls alone could result in damages of $50,000 (the amount claimed by Plaintiff on his civil cover sheet), (*see* Ex. B), and the additional four calls that Plaintiff also alleges violate the MTSA could result in damages of an additional $20,000, for a total of $70,000 ($5,000.01 shy of the jurisdictional threshold for diversity jurisdiction).

19.  Plaintiff does not allege facts sufficient to reasonably establish an amount of compensatory damages sought on his claim for invasion of privacy by intrusion upon seclusion (Count II). However, his claim under c. 93A could result in additional compensatory damages of $25 per alleged violation, which he seeks to have trebled pursuant to Mass. G.L. c. 93A, § 9. *See* Compl. at ¶¶ 74, 76, and page 17. For the ten Spoofed Calls, that would be $750 in compensatory damages, and for the four later calls alleged in the Complaint, that would be an additional $300 in compensatory damages, for a total of $1,050.

        **2.**        **Attorneys' Fees**

20.  Under both the MTSA and Chapter 93A, Plaintiff may recover attorneys' fees if he prevails. *See* Mass G.L. c. 159C, § 8(c); Mass G.L. c. 93A, § 9(4). Plaintiff expressly seeks an award of attorneys' fees. *See* Compl. at page 17.

21.  "93A fee awards should be limited to the fees incurred in connection with the plaintiff's 93A claims, unless the plaintiff's other claims are 'largely predicated on identical facts, and thus the legal effort to establish the two classes of claims was virtually the same.'" *A2Z Dental, LLC v. Miri Trading, LLC*, 494 F. Supp. 3d 30, 34 (D. Mass. 2020) (quoting *Twin Fires v. Morgan*

*Stanley Dean Witter*, 837 N.E.2d 1121, 1138 (Mass. 2005)).  Here, Plaintiff's other claims are predicated upon the same facts as the c. 93A claim.  *See*, *e.g.*, Compl. at ¶ 73 ("Defendant's and Telemarketers' numerous violations of the MTSA (and the regulations promulgated thereunder) constitute unfair and deceptive conduct in violation of M.G.L. c. 93A, § 2.").

22. Massachusetts law provides that "the 'basic measure' of a reasonable statutory attorney's fee award is the lodestar method, which involves 'multiplying the number of hours reasonably spent on the case [by] a reasonable hourly rate.'"  *Siegel v. Berkshire Life Ins. Co.*, 835 N.E.2d 288, 294 (Mass. App. Ct. 2005) (quoting *Fontaine v. Ebtec Corp.*, 613 N.E.2d 881, 890 (Mass. 1993)).

23. Though Plaintiff does not allege the amount for attorneys' fees sought for his claims, it is possible to reach a reasonable estimate of the attorneys' fees likely to be at issue based on several examples involving c. 93A claims.  For the reasons set forth below, there is a reasonable probability, at a minimum, that attorneys' fees in this lawsuit over fourteen telephone calls alleged to be in violation of the MTSA and c. 93A exceed $3,950, the amount required to exceed the $75,000 jurisdictional threshold given the $71,050 in controversy based upon the compensatory damages sought under those two statutory claims.

24. In *Ford v. Carey*, 929 N.E.2d 375 (Mass. App. Ct. 2010), where a real estate broker was found at trial to have made misrepresentations that caused the plaintiff to list her home and incur a commission that she would not have otherwise incurred, the Appeals Court affirmed an award of attorneys' fees in the amount of $75,000.  In comparison, according to the Appellants' brief, the damages awarded to the plaintiff were "the return of the commission ($27,500) as damages, doubled . . . ."  *NRT New England, Inc. v. Ford*, No. 2009-P-1178, 2009 WL 4551406, *7 (Mass. App. Ct. Nov. 17, 2009).

25. In *Heath v. Silvia & Silvia Associates, Inc.*, No. 041570C, 2007 WL 3259150, *1 (Mass. Super. Oct. 5, 2007), following trial, the court "found a single violation of G.L.c. 93A, doubled the portion of the damages related to that claim, $8,5425.44," and awarded attorneys' fees solely in connection with the c. 93A claim. Significantly, in determining the amount of fees to be awarded, the court stressed that "[t]he issues involved were not complex: the case was a basic breach of contract claim, with attendant claims of c. 93A violations. The claims were that work contracted for was done poorly, or not at all, and that there were some billing issues. . . . . [I] found only one aspect of the defendant's conduct to be unfair and deceptive. That particular aspect required little in the way of effort by counsel for the plaintiffs . . . ." *Id.* at *2.

26. The court reduced the 900+ hours included in the plaintiff's fee request by nearly half and found, for purposes of assessing the lodestar numbers, "a reasonable number of hours to spend on this matter" was 309.75 hours for the partner on the case and 145.35 hours for the associate. *Id.* at *4. "Taking into account that the issues involved in the case were not complex; that the plaintiffs recovered less than half of the damages they had sought from the jury; and that they had only very limited success on the 93A aspect of the case," the court "reduce[d] [the] lodestar number by 80% and . . . award[ed] the plaintiffs $27,496.50 in attorneys' fees on the sole successful aspect of their c. 93A claims." *Id.* at *4.

27. More recently, in *A2Z Dental*, the court awarded attorneys' fees under c. 93A. The court found that "[t]his was a straightforward case which did not present any new or complex questions of law and should not have taken substantial time or labor to litigate. Motions practice was limited, especially considering that [defendant's] failure to file responsive pleadings resulted in a default judgment against it." 494 F. Supp. 3d at 35. Even with such limited proceedings **upon**

*a default judgment*, the court still awarded attorneys' fees in the amount of $18,845.72. *See id.* at 36.

28.     Plaintiff's sole attorney of record is Richard B. Reiling of the law firm Bottone Reiling. *See generally* Compl. Mr. Reiling was admitted to the Massachusetts Bar in December 1995. *See* Ex. C. Given his significant experience (25+ years), it is more than reasonable to estimate an hourly rate of at least $350. *Cf. Jin Hai Li v. Foolun, Inc.*, 273 F. Supp. 3d 289, 293-94 (D. Mass. 2017) (finding, five years ago, rate of $300 per hour was reasonable for attorney of 21 years' experience at a small law firm); *Heath*, 2007 WL 3259150 at *4 (finding, 15 years ago, rate of $350 per hour for partner was reasonable).

29.     Proceeding to trial in this case would, conservatively, consistent with the finding in *Heath*, require at least 150 hours between investigating and drafting the complaint, engaging in discovery (including regarding the alleged non-party "Telemarketers"), motion practice (including dispositive motions), preparation for trial, and trial. At the conservative rate of $350 per hour, that would result in attorneys' fees of $52,500.

30.     In light of the above-cited examples and Plaintiff's counsel's experience and the hours reasonably expected to be billed, there clearly is a reasonable probability that, if only the compensatory damages for the fourteen telephone calls placed at issue under the c. 93A claim alone are considered ($70,000), statutory attorneys' fees in this case could exceed the relatively small amount of $5,000, which is all that would be required to surpass the $75,000 jurisdictional threshold required for diversity jurisdiction.

31.     Indeed, even if for some reason only the $50,000 identified by Plaintiff as his damages in the civil cover sheet – artificially limited to the ten Spoofed Calls – is used as the

8

starting point, there is a more than reasonable probability, given the above, that attorneys' fees in this case to judgment would exceed $25,000.

### 3. Punitive Damages

32. Plaintiff also alleges in connection with his intrusion upon seclusion claim that "the acts complained of were committed with malice, intent, wantonness and recklessness, and as such, Defendant is subject to punitive damages." Compl. at ¶ 68. Although not specified in the Complaint, and while there is no readily available precedent for punitive damages awarded on such a claim, it is reasonable to estimate punitive damages of at least $5,000 if Plaintiff's allegations are deemed to be true and he were to be permitted to proceed to, and prevail at, trial on the issue of punitive damages. This amount further adds to the amount in controversy.

33. Accordingly, while AM&P disputes that Plaintiff's claims have merit or that he is entitled to any recovery, AM&P has plausibly alleged and shown a reasonable probability that, if Plaintiff were to be successful on his claims at trial, for removal purposes in this Notice of Removal the amount in controversy exceeds $75,000 for Plaintiff's claims. Therefore, the jurisdictional threshold set by 28 U.S.C. § 1332 has been established by a preponderance of the evidence.

## III. Notice Given

34. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff, and a copy will be promptly filed with the Clerk of the Trial Court of the Commonwealth, Superior Court Department, Middlesex County, Massachusetts.

**IV.   Removal is Timely Filed**

35.   This Notice has been timely filed within thirty (30) days that Defendant was served with the Summons and Complaint on May 19, 2022, as required by 28 U.S.C. § 1446(b)(2). *Accord Murphy Bros. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344 (1999) (clarifying that 30-day removal period under Section 1446 begins to run when defendant is formally served with summons and the complaint, regardless of whether it previously had notice of complaint); *Novak v. Bank of New York Mellon Tr. Co., NA*, 783 F.3d 910, 911 (1st Cir. 2015) (same).

**V.   Pleadings and Process**

36.   Pursuant to 28 U.S.C. § 1446(a), copies of all state court process, pleadings, and orders served upon AM&P in the action are attached to this Notice of Removal as <u>Exhibit D</u>.

37.   Defendant will file certified or attested copies of all records and proceedings in the state court and a certified or attested copy of all docket entries in the state court within 28 days as required by Local Rule 81.1.

**VI.   Venue**

38.   Pursuant to 28 U.S.C. § 1441(a), venue in this District Court is proper because this action is currently pending in the Trial Court of the Commonwealth, Superior Court Department, Middlesex County, Massachusetts, which is in the same District as the United States District Court for the District of Massachusetts, Eastern Division.

**VII.   Non-Waiver of Defenses**

39.   Nothing in this Notice shall be interpreted as a waiver or relinquishment of Defendant's rights to assert any defense or affirmative matter, including, without limitation, motions to dismiss pursuant to Federal Rule of Civil Procedure 12.

ACCORDINGLY, pursuant to 28 U.S.C. §§ 1332, 1441(a) and (b), and 1446, this Court has jurisdiction over this matter, and Defendant ADVANCED MARKETING AND PROCESSING, INC. hereby removes this action from the Trial Court of the Commonwealth, Superior Court Department, Middlesex County, Massachusetts, to this Court.

Dated: June 17, 2022
                Respectfully Submitted,

PARTRIDGE SNOW & HAHN LLP

*/s/ Paul M. Kessimian*
Paul M. Kessimian (BBO #660306)
28 Union Street, Suite 500
New Bedford, MA 02740
(774) 206-8200
(774) 206-8100 FAX
pkessimian@psh.com

GREENSPOON MARDER LLP
Jeffrey A. Backman, Esq.
(*pro hac vice* application forthcoming)
Roy Taub, Esq.
(*pro hac vice* application forthcoming)
200 East Broward Boulevard, Suite 1800
Fort Lauderdale, FL  33301
(954) 491-1120
(954) 213-0140
jeffrey.backman@gmlaw.com
roy.taub@gmlaw.com

*Attorneys for Defendant*
*Advanced Marketing & Processing, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 17th day of June, 2022, a true and accurate copy of the foregoing was e-filed with the Court's electronic filing system, to be served to all attorneys of record and separately via e-mail and U.S. Mail to:

> Richard B. Reiling
> BOTTONE REILING
> 63 Atlantic Street, 3rd Floor
> Boston, MA 02110
> Phone: (617) 412-4291
> Facsimile: (617) 412-4406
> Email:  richard@bottonereiling.com

/s/ Paul M. Kessimian

4288890.1/31637-2